# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0439
════════════

LEZLEA ROSS, PETITIONER,

v.

ST. LUKE'S EPISCOPAL HOSPITAL, RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

JUSTICE LEHRMANN, joined by JUSTICE DEVINE, concurring.

I join the Court's opinion and agree that the claims asserted in this case have no connection to the provision of health care. I write separately, however, to emphasize my concern that a statute intended to address the insurance crisis stemming from the volume of frivolous medical-malpractice lawsuits has become a nebulous barrier to what were once ordinary negligence suits brought by plaintiffs alleging no breach of any professional duty of care.

In *Texas West Oaks Hospital, LP v. Williams*, the Court held that a plaintiff's claim against a physician or health care provider may constitute a health care liability claim subject to the Texas Medical Liability Act even where no patient–physician or patient–health-care-provider relationship exists between the parties. 371 S.W.3d 171, 177–78 (Tex. 2012). In my dissent in that case, I disagreed with the Court's holding "that the mere peripheral involvement of a patient transforms an ordinary negligence claim into a health care claim." *Id.* at 194–95 (Lehrmann, J., dissenting). I

lamented what I viewed as the Court's departure from the importance we had previously placed on the relationship between health care providers and their patients in concluding that a patient's claims were covered by the Act. *Id.* at 196–97 (citing *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842 (Tex. 2005)). The consequences of that departure are evident in cases like this, in which defendants who happen to be health care providers seek the protections of the Medical Liability Act with respect to claims that have nothing to do with medical liability.

The Court holds, and I agree, that a cause of action against a health care provider for a departure from safety standards is a health care liability claim only if it has a "substantive relationship" with the provision of medical or health care.[1] ___ S.W.3d at ___. I write separately to emphasize the significance of the third and fifth factors, which consider whether the claimant was in the process of seeking or receiving health care at the time of the injury and whether the alleged negligence was based on safety standards arising from professional duties owed by the health care provider.

As we recognized in *Diversicare*, the duty of care that health care providers owe to their patients is fundamentally different from the duty of care owed to, say, employees or visitors. 185 S.W.3d at 850–51 ("The obligation of a health care facility to its patients is not the same as the general duty a premises owner owes to invitees."). To that end, when we held in *Diversicare* that a nursing home resident's claim that she was sexually assaulted by another resident was a health care liability claim, we rejected the argument that the claim should be treated the same as that of a visitor

---

[1] "Substantive" is defined as "considerable in amount or numbers: substantial." WEBSTER'S THIRD NEW INT'L DICTIONARY 2280 (2002).

2

who had been assaulted at the facility precisely because of the distinct nature of those duties. *Id.* We also distinguished the circumstances at issue in that case from hypothetical claims involving an "unlocked window that gave an intruder access to the facility" and a "rickety staircase that gave way," which we implied would not constitute health care liability claims. *Id.* at 854. These statements are consistent with our recognition that health care liability claims involve a "specialized standard of care" that is established by expert testimony. *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 546 (Tex. 2004); *see also Jackson v. Axelrad*, 221 S.W.3d 650, 655 (Tex. 2007) (explaining that a physician's duty of care owed to a patient is that of "a reasonable and prudent member of the medical profession . . . under the same or similar circumstances" (quoting *Hood v. Phillips*, 554 S.W.2d 160, 165 (Tex. 1977))).

In my view, focusing a safety-standards claim on the duty health care providers owe to their patients ensures that *Diversicare*'s hypothetical visitor-assault and rickety-staircase claims do not fall under the Medical Liability Act's umbrella. It also ensures that a covered cause of action will "implicate[] the provision of medical or health care" in accordance with the Court's holding in this case. ___ S.W.3d at ___. With these considerations in mind, I respectfully join the Court's opinion and judgment.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** May 1, 2015

3